**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13674

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MISLEIDY IBARRA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20536-JEM-2

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Misleidy Ibarra appeals the district court's orders (1) denying her motion for an extension of time to respond to the government's motion to dismiss her motion to set aside forfeiture,

(2) denying her subsequent motion for reconsideration of that order, and (3) dismissing her motion to set aside forfeiture for lack of constitutional and statutory standing. She argues that the district court abused its discretion in denying her motion for extension of time and motion for reconsideration because she provided a valid reason for missing the filing deadline, it was her first request for an extension, and granting the motion would not have prejudiced the government. Additionally, she generally argues that she has "standing because she has a marital and possessory interest in the subject property, being that she was married to the owner, jointly acquired the property while with her spouse, and resided at the Property with her children."

The government moves for summary affirmance, arguing that (1) the district court clearly did not abuse its discretion in denying Ibarra's motion for extension of time because she did not establish excusable neglect or good cause; (2) the district court did not abuse its discretion in denying her motion for reconsideration because she failed to satisfy the criteria for granting reconsideration; and (3) the district court properly concluded that Ibarra lacked both constitutional and statutory standing, and Ibarra failed to challenge the statutory standing dismissal.[1] Ibarra opposes

---

[1] The government further argues that Ibarra abandoned any challenge to the district court's conclusion that she lacked constitutional standing because she makes only a passing reference to the dismissal in her initial brief and asserts in a conclusory fashion that she has standing because she has a marital and possessory interest in the property. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons

25-13674                    Opinion of the Court                    3

the motion stating without further explanation that the standard for summary disposition is not satisfied.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

The forfeiture in this case stemmed from Ibarra's and her husband Alexander Ros Lazo's guilty pleas to conspiracy to commit healthcare fraud in 2019. As part of her husband's plea agreement, he was required to forfeit any property or proceeds derived from the alleged conduct, including real property located at 23901 SW 212 Avenue, Homestead, Florida, titled in his name, to help satisfy the forfeiture money judgment of $8,603,859.41. The government filed notice of its intent to forfeit the property and published the notice for the public as required from April 23, 2019 to May 22, 2019. The notice provided that "[a]ny person, other than the defendant(s) in this case, claiming interest in the forfeited

a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). We need not reach this issue, however, because we agree with the government that summary affirmance of the dismissal is nevertheless appropriate for the reasons set forth in this opinion.

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that all decisions from the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981, are "binding as precedent in the Eleventh Circuit").

property must file an ancillary petition within 60 days of the first date of publication (April 23, 2019) of this Notice. . . ."

Approximately five years later, in May 2024, Ibarra filed a counseled motion to set aside the forfeiture, asserting that she "retain[ed] a marital interest in the Property" and denying that the property was in any way derived from the proceeds traceable to the fraud. She also asserted that forfeiture of the property violated the Eighth Amendment's Excessive Fines Clause. The government moved to dismiss her motion, asserting that Ibarra lacked constitutional and statutory standing and that she failed to state a claim upon which relief could be granted. Ibarra failed to file a response by the June 3, 2024 deadline. Instead, eleven days after the deadline, she filed a counseled motion requesting an extension of time to file a response, asserting that her counsel "need[ed] additional time to research the arguments raised by the United States." She maintained that the government would not be prejudiced by the extension. The district court denied the motion in a paperless order, stating that it was exercising its discretion to deny the untimely motion for extension of time.

Ibarra filed a counseled motion for reconsideration, asserting that she should be granted an extension of time because of "excusable neglect" as her counsel missed the filing deadline because someone in his office had failed to properly calendar the deadline. She included her proposed response to the motion to dismiss as an attachment to the motion for reconsideration and urged the court that failure to accept it would cause her great

prejudice. The district court denied the motion in a paperless order, concluding that Ibarra's claim of excusable neglect did not satisfy the standard for reconsideration. The district court then held that Ibarra failed to establish constitutional or statutory standing[3] and granted the government's motion to dismiss.

Here, summary disposition is warranted because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case" and the appeal is frivolous. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. The district court was well within its discretion to conclude that counsel's untimely request to extend the response deadline because counsel needed additional time to conduct legal research was not warranted and to deny the motion for an extension of time to file a response. *See Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1314–15 (11th Cir. 2002) (explaining that a district court has the inherent authority to control its docket and this authority

---

[3] The criminal forfeiture statute requires third-party claimants, including codefendants, to file an ancillary petition concerning an interest in forfeited property "within thirty days of the final publication of notice or his receipt of direct written notice . . . , whichever is earlier." *United States v. Davenport*, 668 F.3d 1316, 1321–22 (11th Cir. 2012) (alteration adopted) (quoting 21 U.S.C. § 853(n)(2)). If a third party fails to file a petition within the prescribed 30-day deadline, her interests in the property are forfeited. *United States v. Marion*, 562 F.3d 1330, 1337 (11th Cir. 2009). The district court concluded that Ibarra lacked statutory standing (*i.e.*, a cause of action to challenge the forfeiture under § 853) because her ancillary petition was filed five years after the statutory deadline and failed to meet the statutory pleading requirements set forth in § 853.

includes "set[ting] and enforc[ing] reasonable deadlines"); *Mickels v. Country Club Inc.*, 887 F.3d 1270, 1279 (11th Cir. 2018) ("A district court does not generally abuse its discretion by refusing to accept an untimely filing, as deadlines are not meant to be aspirational." (alteration adopted) (quotations omitted)); *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001) (explaining that, under the abuse of discretion standard, "there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make").

Similarly, the district court was well within its discretion to deny Ibarra's motion for reconsideration because her newly asserted allegations of excusable neglect based on counsel's staff failing to calendar the response filing deadline could have been raised previously and did not satisfy any of the criteria for granting reconsideration. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (quotations omitted)); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (providing that "[t]he only grounds" for granting a motion for reconsideration "are newly-discovered evidence or manifest errors of law or fact" (quotations omitted)).

Finally, to the extent that Ibarra challenges the district court's dismissal of her motion to set aside forfeiture for lack of constitutional and statutory standing, summary affirmance is

appropriate because she failed to challenge the district court's conclusion that she lacked statutory standing. *See Sapuppo*, 739 F.3d at 680 ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

Accordingly, we **GRANT** the government's motion for summary affirmance.